IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:05-CR-158-R |
| | § | |
| CHARLES COOPER BURGESS | § | |

## PLEA AGREEMENT

Charles Cooper Burgess, George E. West, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Burgess understands that he has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Burgess waives these rights and pleads guilty to the offense alleged in Count Two of the Indictment, charging a violation of 18 U.S.C. § 1341, that is, mail fraud. Burgess understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3.  **Sentence**:  The maximum penalties the Court can impose include:

    a.  imprisonment for a period not to exceed twenty (20) years;

    b.  a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.  a term of supervised release of up to five (5) years, which must follow any terms of imprisonment.  If Burgess violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.  a mandatory special assessment of $ 100;

    e.  restitution to victims or to the community, which may be mandatory under the law, and which Burgess agrees includes restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.  costs of incarceration and supervision.

4.  **Court's sentencing discretion and role of the Guidelines**:  Burgess understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court, but are advisory only.  Burgess has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.  Burgess will not be allowed to withdraw his plea if his sentence is higher than expected.  Burgess fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.  **Mandatory special assessment**:    Burgess agrees to pay to the U.S.

**Plea Agreement - Page 2**

District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**:  Burgess shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities.  Upon demand, Burgess shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.  The government will advise the Court of the extent of Burgess's cooperation.

7. **Government's agreement**:  The government will not bring any additional charges against Burgess based upon the conduct underlying and related to Burgess's plea of guilty.  The government will dismiss, after sentencing, any remaining charges in the pending indictment.  If, in its sole discretion, the government determines that Burgess has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Burgess or any property.

8. **Violation of agreement**:  Burgess understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government

**Plea Agreement - Page 3**

will be free from any obligations of the agreement and free to prosecute Burgess for all offenses of which it has knowledge. In such event, Burgess waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Burgess also waives objection to the use against his of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Burgess waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Burgess, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: Burgess has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Burgess has received from his lawyer explanations satisfactory to his

**Plea Agreement - Page 4**

concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to his other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Burgess has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 12TH day of January, 2006.

RICHARD B. ROPER
UNITED STATES ATTORNEY

CHARLES COOPER BURGESS
Defendant

WILLIAM M. MARTIN
Special Assistant United States Attorney
Pennsylvania State Bar No. 84612
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8794
Facsimile: 214.659.8803

GEORGE E. WEST
Attorney for Defendant

CHAD MEACHAM
Deputy Criminal Chief

I have read this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____        1/12/06
CHARLES COOPER BURGESS                 Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____        1/12/06
GEORGE E. WEST                         Date
Attorney for Defendant

Plea Agreement - Page 6